UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE ESTATE OF WILLIAM SCALES,[1]

                       Plaintiff,

       -against-

ATU LOCAL 1181,

                     Defendant.

23-CV-9009 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question and diversity of citizenship jurisdiction, and alleging that Defendant violated his rights. Plaintiff sues ATU Local 1181. By order dated November 13, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] The complaint lists "The Estate of Williams Scales" as the plaintiff. The complaint, however, is signed by William Scales, who is a frequent litigant in this court. Because it is clear that the complaint was filed by Scales on his own behalf, the Court treats Scales as the sole plaintiff in this action.

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff brings his claims using the Court's general complaint form. He checks off the boxes on the form to invoke both the Court's federal question and diversity of citizenship jurisdiction. Where the form asks Plaintiff to state which of his federal constitutional or federal statutory rights have been violated, he writes, "The defendant has exhibited acts of neglect, failure to representation, etc. The Defendant's actions/lack of has resulted in missed workers comp causing financial woes while the Plaintiff Williams Scales was on medical leave for Covid 19 and a 2nd occasion while on medical leave for cancer treatment." (ECF 1, at 2.)

Plaintiff states that the events giving rise to his claims occurred on "[m]ultiple dates from 2019-2022." (*Id.* at 5.) He alleges,

> The Defendant is being sued for neglect, failure of representation, etc. The Defendant's neglect resulted in the failure of workers compensation on 2 separate occasions, once while Williams Scales caught covid 19, and twice while William Scales was on medical leave for cancer treatment. Williams Scales never received workers comp from his leave due to covid 19 and didn't receive workers comp for over an entire year after applying for workers compensation while on leave due to cancer treatment.

(*Id.*)

Plaintiff seeks unspecified money damages.

**DISCUSSION**

A.     **Rule 8**

Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d

6, 8 (2d Cir. 1994) (per curiam), their pleadings must comply with Rule 8 of the Federal Rules of

Civil Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007)). In reviewing a complaint for plausibility, the court accepts all well-pleaded factual

allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*,

550 U.S. at 555). But the court need not accept "[t]hreadbare recitals of the elements of a cause

of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual
> allegations, but it demands more than an unadorned, the-defendant-unlawfully-
> harmed-me accusation. A pleading that offers labels and conclusions or a
> formulaic recitation of the elements of a cause of action will not do. Nor does a
> complaint suffice if it tenders naked assertions devoid of further factual
> enhancement.

*Id.* (internal citations, quotation marks, and alteration omitted). After separating legal

conclusions from well-pleaded factual allegations, the court must determine whether those facts

make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Here, Plaintiff's complaint does not comply with Rule 8. He alleges that he did not

receive workers compensation due to Defendant's "neglect," but he provides no further facts

about what happened. To determine whether Plaintiff states a viable claim for relief, the Court

would need to know, at a minimum, the identity of Plaintiff's employer, when the alleged

violations occurred, and what specifically Defendant did or failed to do that caused Plaintiff to be denied workers compensation or otherwise violated Plaintiff's rights.

The Court grants Plaintiff leave to file an amended complaint that complies with Rule 8 by alleging facts plausibly suggesting a viable claim for relief.

**B.     Federal Claims**

Because Plaintiff sues his union and appears to allege that it failed to represent him appropriately, his complaint can be construed as attempting to assert a "hybrid Section 301/duty of fair representation ("DFR")" claim. This type of claim arises under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, which governs the employer's duty to comply with the collective bargaining agreement, and under the National Labor Relations Act ("NLRA"), which implies the union's duty of fair representation. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983); *see also Price v. Int'l Union, United Auto. Aerospace & Agric. Implement Workers*, 795 F.2d 1128, 1134 (2d Cir. 1986) (union's duty of fair representation is implied from § 9(a) of the NLRA, 29 U.S.C. § 159(a)). To state a hybrid Section 301/DFR claim, a plaintiff must allege "both (1) that the employer breached a collective bargaining agreement and (2) that the union breached its duty of fair representation vis-a-vis the union members." *White v. White Rose Food*, 237 F.3d 174, 178 (2d Cir. 2001) (citing *DelCostello*, 462 U.S. at 164-65). The employee may sue the union or the employer, or both, but must allege violations on the part of both regardless of which entities he chooses to sue. *Id.* at 179.

Here, the complaint suffers from deficiencies that prevent the Court from analyzing a potential hybrid Section 301/DFR claim. For example, Plaintiff does not identify his employer or allege that his employer breached a collective bargaining agreement. Moreover, while Plaintiff appears to allege that the union played a role in his being denied worker's compensation benefits,

he does not allege facts explaining the nature of any duty owed to him by his union or what the union did or failed to do that breached that duty.

Furthermore, any Section 301/DFR claims Plaintiff may be asserting appear to be time-barred. The limitations period on a hybrid Section 301/DFR action is six months, *see DelCostello*, 462 U.S. at 169, which begins to run when the employee knew or should have known of the breach of the duty of fair representation, *see Cohen v. Flushing Hosp. & Med. Ctr.*, 68 F.3d 64, 67 (2d Cir. 1995); *Gharty v. St. John's Queens Hosp.*, 869 F.2d 160, 165 (2d Cir. 1989) ("[A] breach of duty by the union is apparent to the member at the time she learns of the union action or inaction about which she complains."). Plaintiff alleges that the events giving rise to his claims occurred on "[m]ultiple dates" during 2019 and 2022. Even if the Court assumes that the union breached its duty in December 2022, Plaintiff alleges no facts suggesting that he only became aware of the breach within six months of filing this action on October 11, 2023.

The doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted). The statute of limitations may be equitably tolled, for example, when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired. *See Pearl v. City of Long Beach*, 296 F.3d 76, 82-83 (2d Cir. 2002). Plaintiff alleges no facts suggesting that the statute of limitations should be equitably tolled.

The Court grants Plaintiff leave to file an amended complaint to allege facts suggesting a viable Section 301/DFR claim. Plaintiff should also allege facts demonstrating that his claim is timely or that equitable tolling should apply.

C.       **State Law Claims**

Plaintiff also asserts claims of negligence, which arise under state law. Although Plaintiff

invokes the Court's diversity of citizenship jurisdiction, he does not allege facts demonstrating

that the Court has diversity jurisdiction of his state law claims. To establish jurisdiction under 28

U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of

different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes,

an individual is a citizen of the State where he or she is domiciled, which is defined as the place

where the individual " has his [or her] true fixed home . . . and to which, whenever he [or she] is

absent, he [or she] has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38,

42 (2d Cir. 2000) (internal quotation marks and citation omitted). In addition, for diversity

purposes, a corporation is a citizen "of every State and foreign state by which it has been

incorporated and of the State or foreign state where it has its principal place of business." 28

U.S.C. § 1332(c)(1); *see Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation' s

principal place of business is its " nerve center,"  usually its main headquarters). "Unlike a

corporate entity whose citizenship is determined by its place of incorporation or its principal

place of business, the citizenship of an unincorporated association, such as a labor organization,

is determined by the citizenship of *each* of its members." *United Food & Com. Workers Union,*

*Loc. 919, AFL-CIO v. CenterMark Properties Meridian Sq., Inc.*, 30 F.3d 298 (2d Cir. 1994)

(citing *United Steelworkers of Am., AFL-CIO v. R.H. Bouligny, Inc.*, 382 U.S. 145, 146-47

(1965). Similarly, "a limited liability company . . . takes the citizenship of each of its members."

*Biersch Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

Here, Plaintiff alleges that he resides in New York, and he provides a New York address

for Defendant. He does not, however, provide any additional information about Defendant,

including how it is organized, and, if it is an unincorporated association, the identity and

citizenship of each of its members. The Court therefore cannot determine whether there is diversity of citizenship between the parties.

In addition, to establish diversity jurisdiction, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Here, Plaintiff does not state the amount of damages he is seeking or allege facts demonstrating that his claim satisfies the jurisdiction amount.

Because Plaintiff does not allege sufficient facts to demonstrate diversity of citizenship of the parties or that his claims are worth in excess of the $75,000 jurisdictional minimum, the Court cannot determine whether it has diversity jurisdiction to consider his state law claims. If Plaintiff wishes to assert state law claims under the Court's diversity jurisdiction in his amended complaint, he must allege facts demonstrating that he and Defendant are citizens of different states and that his claims are worth in excess of the $75,000 jurisdictional threshold.

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Because Plaintiff has been granted leave to file an amended complaint, the Court will determine at a later stage whether to exercise its supplemental jurisdiction of any state law claims he may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental

jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'"
(quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts
generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its
defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.
2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has
cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to
amend at least once when a liberal reading of the complaint gives any indication that a valid
claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.
USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege
additional facts to state a valid hybrid Section 301/DFR claim against his union, the Court grants
Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims.
In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a
short and plain statement of the relevant facts supporting each claim against each defendant. If
Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should
include all of the information in the amended complaint that Plaintiff wants the Court to consider
in deciding whether the amended complaint states a claim for relief. That information should
include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do,
the approximate date and time of each event, and the general location where each
event occurred;

c) a description of the injuries Plaintiff suffered; and

    d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-9009 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, Plaintiff's federal claims will be dismissed for failure to state a claim upon which relief may be granted and the Court will decline to exercise supplemental jurisdiction of any state law claims he may be asserting.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    January 2, 2024
          New York, New York

                                        /s/ Laura Taylor Swain
                                   _____
                                        LAURA TAYLOR SWAIN
                                   Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____        ____ Civ. _____ ( ____ )
_____
*(In the space above enter the full name(s) of the plaintiff(s).)*        **AMENDED
COMPLAINT**

        -against-

_____        Jury Trial:   ☐ Yes        ☐ No
_____                     (check one)
_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names.  The names
listed in the above caption must be identical to those contained in
Part I.  Addresses should not be included here.)*

**I.        Parties in this complaint:**

A.        List your name, address and telephone number.  If you are presently in custody, include your
          identification number and the name and address of your current place of confinement.  Do the same
          for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff        Name _____
                 Street Address _____
                 County, City _____
                 State & Zip Code _____
                 Telephone Number _____

B.        List all defendants.  You should state the full name of the defendant, even if that defendant is a
          government agency, an organization, a corporation, or an individual.  Include the address where
          each defendant may be served.  Make sure that the defendant(s) listed below are identical to those
          contained in the above caption.  Attach additional sheets of paper as necessary.

*Rev. 12/2009*                        1

Defendant No. 1     Name _____

                    Street Address _____

                    County, City _____

                    State & Zip Code _____

                    Telephone Number _____


Defendant No. 2     Name _____

                    Street Address _____

                    County, City _____

                    State & Zip Code _____

                    Telephone Number _____


Defendant No. 3     Name _____

                    Street Address _____

                    County, City _____

                    State & Zip Code _____

                    Telephone Number _____


Defendant No. 4     Name _____

                    Street Address _____

                    County, City _____

                    State & Zip Code _____

                    Telephone Number _____


## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction?  *(check all that apply)*

          ☐ Federal Questions              ☐ Diversity of Citizenship


B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____
          _____
          _____


C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

          Plaintiff(s) state(s) of citizenship _____

          Defendant(s) state(s) of citizenship _____

          _____

### III.   Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.      Where did the events giving rise to your claim(s) occur? _____

_____

B.      What date and approximate time did the events giving rise to your claim(s) occur? _____

_____
_____

C.      Facts: _____

_____

What happened to you?

_____
_____
_____
_____

Who did what?

_____
_____
_____

_____

Was anyone else involved?

_____
_____
_____

Who else saw what happened?

_____
_____
_____

### IV.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____
_____
_____
_____
_____

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are

seeking, and the basis for such compensation.  _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff     _____

Mailing Address            _____

                           _____

                           _____

Telephone Number           _____

Fax Number *(if you have one)*   _____


<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners
        must also provide their inmate numbers, present place of confinement, and address.


<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering
this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for
the Southern District of New York.


Signature of Plaintiff:    _____

Inmate Number              _____